JOHN G. DALLAS, Respondent, *v.* ANNA M. DALLAS, Appellant.

First Department, February 10, 1922.

Husband and wife — sequestration — property of husband, plaintiff in separation action, sequestered under Civil Practice Act, § 1171, for failing to obey order for alimony and counsel fee — husband's answering affidavit insufficient.

The property of a plaintiff in a separation action against his wife may be sequestered pursuant to section 1171 of the Civil Practice Act, where he disobeys an order of the court to pay alimony and counsel fee, and shows no valid reason why such relief should not be granted.

Where the moving papers allege that the plaintiff owns certain automobiles and specified real estate, which he does not deny in his answering affidavit, excuses made therein to the effect that the defendant refused to join in a deed or a mortgage of the realty, that the income of the realty " would little more than carry it " and that he had " one old automobile, upon which he owes a garage bill for all it is worth," are not sufficient.

APPEAL by the defendant, Anna M. Dallas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of January, 1922, denying defendant's motion to sequester property of the plaintiff and to appoint a receiver thereof.

*Pompan, Price & Lippman* [*Maurice A. Pompan* of counsel; *Fraser P. Price* with him on the brief], for the appellant.

*Andrew J. Smith* of counsel, for the respondent.

DOWLING, J.:

Plaintiff commenced this action for a separation against his wife on March 7, 1921, and issue was joined on April twelfth. On October twenty-fifth an order was made and entered directing plaintiff to pay to defendant the sum of $25 per week alimony, and $250 counsel fee. A copy of the order with notice of entry was duly served on plaintiff's attorney and a certified copy thereof was served on plaintiff, together with a copy of a power of attorney executed by defendant designating certain persons to ask, demand, collect and receive all payments under said order and also a written demand subscribed by said attorneys for the payment of the counsel fee and of the alimony fixed by said order. Plaintiff has failed, refused and neglected to comply with the terms of the order, and no part of the amount due has been paid.

It is alleged in the moving papers herein that plaintiff owns certain automobiles and also specified real estate in the borough of Manhattan, city of New York. A motion was, therefore, made that the plaintiff's personal property and the rents and profits of the real property belonging to him be sequestered and a receiver thereof be appointed.

In answer to the motion plaintiff submitted an affidavit which denied none of the allegations in the moving papers. He sought to excuse his failure to comply with the terms of the order by setting forth that defendant had refused to join in a deed or mortgage of the real property, and that its income " if properly applied to overhead expenses, would little more than carry it, " but he admits that it is unincumbered save for " unpaid taxes, etc.," the amount of which is not stated, nor does he show the value of the property. He also claims that he has but " one old automobile, upon which he owes a garage bill for all it is worth," but no particulars thereof are given. In fine, he offers no valid reason whatever why the relief sought should not have been granted.

The facts set forth in defendant's application brought the case directly within the provisions of section 1171 of the Civil Practice Act, which are practically identical with the provision of former section 1772 of the Code of Civil Procedure.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.